### JESSE DAUGHERTY V. THE STATE.

#### No. 1862. Decided April 18, 1900.

**1. Boarding Railroad Train for Free Ride—Indictment.**

An indictment under article 1010h, Penal Code, which charged that defendant boarded a passenger and freight train with intent to obtain a free ride, sufficiently averred that defendant boarded a railway train.

**2. Same.**

To constitute the offense of boarding a railroad train for the purpose of obtaining a free ride, the statute requires that the act must have been done without the consent of the person or persons in charge of said train; and to be sufficient the indictment should charge the want of consent of such person or persons, naming them, or if the name or names can not be ascertained by reasonable diligence, the indictment should allege that fact.

APPEAL from the County Court of Burnet. Tried below before Hon. IKE D. WHITE, County Judge.

Appeal from a conviction for unlawfully boarding a railroad train, etc.; penalty, a fine of $5.

The opinion sets out the charging part of the indictment. No statement necessary.

No brief for appellant on file with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully boarding a railway train, and his punishment assessed at a fine of $5. The charging part of the indictment is in the following language: "Jesse Daugherty, on or about the first day of April, 1899, and anterior to the presentment of this indictment, * * * did then and there unlawfully board a passenger and freight train on the Austin & Northwestern Railroad, without then and there in good faith intending to become a passenger thereon, and with no lawful business thereon, and with intent on the part of him, the said Jesse Daugherty, to obtain a free ride upon said train, without the consent of the per-

son in charge thereof, against the peace and dignity of the State." Motion to quash was made upon three grounds: (1) That it is vague, uncertain, and indefinite, and charges no offense against the law; (2) the indictment fails to charge defendant with unlawfully boarding a railway train; (3) the indictment fails to give the name of any person in charge of said train. The article under which the indictment was drawn is numbered in the Penal Code 1010h, and reads as follows: "Any person who shall board any passenger, freight or other railway train, whether moving or standing, for any purpose, and without in good faith intending to become a passenger thereon, and with no lawful business thereon, and with intent to obtain a free ride on said train, however short the distance, without the consent of the person or persons in charge thereof, shall be guilty of a misdemeanor," etc. We are of opinion that the indictment does sufficiently charge appellant boarded a railway train. While it is not as specific in this regard as might be, still it is sufficient. We are of opinion, however, that the third ground is well taken, and the indictment should have alleged the want of consent of the person or persons in charge of said train, naming those persons. Wherever the want of consent of a party to the doing of a certain act is required by the statute in order to make a criminal offense, the want of consent of such person should be stated in the indictment; and, if his name is not known, or can not be ascertained by reasonable diligence on the part of the grand jury, the fact should be stated. Because the indictment is insufficient in this regard, the judgment is reversed, and the prosecution ordered dismissed.

*Dismissed.*