### PETE CHESTER v. THE STATE.

#### No. 5181.    Decided November 20, 1918.

**Interurban Car—Passenger—Complaint—Common Carrier.**

    Where, upon trial of a violation of subdivision 5, article 1523, Branch's Ann. P. C., the complaint failed to allege that the interurban car was a common carrier of passengers for hire, as required by statute, the same was insufficient, and the conviction could not be sustained; besides, the complaint was insufficient in other respects. Following Daugherty v. State, 41 Texas Crim. Rep., 661.

    Appeal from the County Court of Galveston. Tried below before the Hon. J. C. Canty.

    Appeal from a conviction of violating the interurban car law; penalty, a fine of twenty-five dollars.

    The opinion states the case.

*J. N. Gibson,* for appellant.—On question of insufficiency of complaint: Cardenas v. State, 68 Texas Crim. Rep., 109; Mankins v. State, 41 id., 662.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the complaint upon which appellant was tried is as follows: "Pete Chester was then and there a passenger upon an interurban car which was then and there provided with separate compartments and did then and there ride in a compartment not designated for his race after having been forbidden to do so by the conductor in charge of said train and car, against the peace and dignity of the State."

Article 1523, found in Branch's Ann. P. C., provides that "Every railway company, street car company and interurban railway company, lessee, manager, or receiver thereof doing business in this State as a common carrier of passengers for hire shall provide separate coaches or compartments, as hereinafter provided, for the accommodation of white and negro passengers, which separate coaches or compartments shall be equal in all points of comfort and convenience." Subdivision 5 of said article provides that: "If any passenger upon a train or street car or interurban car provided with separate coaches or compartments, as above provided, shall ride in any coach or compartment not designated for his race after having been forbidden to do so by the conductor in charge of the train, he shall be guilty of a misdemeanor, and upon conviction shall be fined not less than five nor more than twenty-five dollars."

It will be observed from a reading of this statute, under which appellant was convicted, that there is no allegation in the complaint that the interurban car was a common carrier of passengers for hire as required by the statute. It charges that appellant was upon an interurban car, but does not charge that it was an interurban railway company. It does not allege the ownership; whether it was a common carrier, or owned by an individual, nor does it allege that it was run as a common carrier of passengers for hire. The essential definition of this offense as found in the statute is not alleged. In order to constitute a violation of that statute the necessary ingredients provided by the Legislature constituting the offense must be charged in the indictment, complaint or information. In order to constitute this offense the party must be a passenger, and the company must be a common carrier of passengers for hire. The complaint does not mention the name of the conductor who, it is stated, had forbidden appellant to ride on the interurban car. This, it seems under the authorities, is necessary. He was alleged to be the party in charge of the car, and his name should have been stated, and if not known, then it should have been stated that his name was unknown. This was decided in Daugherty v. State, 41 Texas Crim. Rep., 661.

For the reasons indicated the judgment is reversed and the prosecution is ordered dismissed.

*Dismissed.*